UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>HORIZON THERAPEUTICS PUBLIC LIMITED COMPANY, TIMOTHY P. WALBERT, WILLIAM F. DANIEL, MICHAEL GREY, JEFF HIMAWAN, SUSAN MAHONY, GINO SANTINI, JAMES SHANNON, H. THOMAS WATKINS, and PASCALE WITZ,<br><br>        Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff William Johnson ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1.     Plaintiff brings this action against Horizon Therapeutics Public Limited Company ("Horizon" or the "Company") and Horizon's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Amgen Inc. through its wholly-owned subsidiary Pillartree Limited (collectively "Amgen").

2.     Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on January 23, 2023. The Proxy recommends that Horizon stockholders vote in favor of a proposed transaction (the "Proposed

1

Transaction") whereby Horizon is acquired by Amgen. The Proposed Transaction was first disclosed on December 12, 2022, when Horizon and Amgen announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Amgen will acquire all of the outstanding shares of common stock of Horizon for $116.50 per share (the "Merger Consideration"). The deal is valued at approximately $28.3 billion.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Horizon management, the financial analyses conducted by Morgan Stanley Securities LLC ("Morgan Stanley"), Horizon's financial advisor, as well as potential conflicts of interest faced by the Company's additional financial advisor J.P. Morgan Securities LLC ("J.P. Morgan").

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Horizon's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Horizon's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Horizon.

6. Defendant Horizon is a corporation organized and existing under the laws of Ireland. The Company's principal executive offices are located at 70 St. Stephen's Green, Dublin

2, D02 E2X4, Ireland. Horizon common stock trades on NASDAQ under the ticker symbol "HZNP."

7. Defendant Timothy P. Walbert has been the President, Chief Executive Officer, and a director of the Company since 2008. Defendant Walbert serves as Chairman of the Board.

8. Defendant William F. Daniel has been a director of the Company since 2014.

9. Defendant Michael Grey has been a director of the Company since 2011. Defendant Grey serves as Lead Independent Director of the Board.

10. Defendant Jeff Himawan has been a director of the Company since 2007.

11. Defendant Susan Mahony has been a director of the Company since 2019.

12. Defendant Gino Santini has been a director of the Company since 2012.

13. Defendant James Shannon has been a director of the Company since 2017.

14. Defendant H. Thomas Watkins has been a director of the Company since 2014.

15. Defendant Pascale Witz has been a director of the Company since 2017.

16. Nonparty Amgen Inc. is a Delaware corporation with its principal executive offices located at One Amgen Center Drive, Thousand Oaks, California 91320. Amgen Inc. common stock trades on NASDAQ under the ticker symbol "AMGN."

17. Nonparty Pillartree Limited is a private limited company incorporated under the laws of Ireland and is a wholly owned subsidiary of Amgen Inc.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant

conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

**A. Background of the Company and the Proposed Transaction**

21. Horizon is a biotech company focused on developing treatments for rare, autoimmune and severe inflammatory diseases. The Company has 12 marketed medicines to treat conditions such as thyroid eye disease, urea cycle disorders, osteoarthritis, and rheumatoid arthritis, and has over 20 development programs in the pipeline. In 2021, Horizon had net sales of $3.2 billion, gross profits of $2.4 billion, and net income of $534.4 million.

22. On December 11, 2022, the Company entered into the Merger Agreement with Amgen.

23. According to an announcement made on December 12, 2022, concerning the Proposed Transaction:

*December 12, 2022*

**RECOMMENDED CASH OFFER**

for

**HORIZON THERAPEUTICS PLC**

by

**Pillartree Limited, a newly formed private limited company wholly owned by Amgen Inc.**

**to be implemented by way of a scheme of arrangement under Chapter 1 of Part 9 of the Companies Act 2014**

**Summary**

- The board of directors of Horizon Therapeutics plc (the "**Company**" or "**Horizon**") and the board of directors of Amgen Inc. ("**Amgen**") are pleased to announce that they have reached agreement on the terms of a cash offer for the Company by Pillartree Limited ("**Acquirer Sub**"), a newly formed private limited company wholly owned by Amgen, which is unanimously recommended by the Company Board and pursuant to which Acquirer Sub will acquire the entire issued and to be issued ordinary share capital of the Company. Under the terms of the Acquisition, each Company Shareholder at the Scheme Record Time will be entitled to receive:

**$116.50 for each Company Share in cash**

- The Acquisition represents:
    - a premium of approximately 47.9% to the closing price of $78.76 per Company Share on November 29, 2022 (being the last closing price per Company Share prior to the Company's issuance of an announcement of a possible offer under Rule 2.4 of the Irish Takeover Rules); and
    - a premium of approximately 19.7% to the closing price of $97.29 per Company Share on December 9, 2022.
- The Acquisition values the entire issued and to be issued ordinary share capital of the Company at approximately $27.8 billion on a fully diluted basis and implies an enterprise value of approximately $28.3 billion.
- Amgen has entered into a Bridge Credit Agreement, dated December 12, 2022, for an aggregate amount of $28.5 billion, by and among Amgen, Citibank N.A., as administrative agent, Bank of America, N.A., as syndication agent, and Citibank, N.A. and Bank of America, N.A. as lead arrangers and book runners, and the other banks from time to time party thereto to finance, together with Amgen's own cash resources, the Acquisition. Further information on the financing of the Acquisition will be set out in the Proxy Statement (which will include the Scheme Document).
- Commenting on today's announcement, Tim Walbert, chairman, president and chief executive officer of the Company said:

*"In nearly 15 years, we have built one of the fastest growing and most respected companies in the biotechnology industry from the ground up. We have accomplished a tremendous amount for patients, their families and our customers, and created significant value for shareholders. These accomplishments are all rooted in our employees' deep commitment, dedication and personal passion for those impacted by rare, autoimmune*

- *and severe inflammatory diseases. Amgen is aligned with that commitment and passion and will continue to maximise the value of the current portfolio and pipeline and accelerate the ability to reach more patients globally."*

- Commenting on today's announcement, Robert A. Bradway, chairman and chief executive officer of Amgen said:

  *"The acquisition of Horizon is a compelling opportunity for Amgen and one that is consistent with our strategy of delivering long-term growth by providing innovative medicines that address the needs of patients who suffer from serious diseases. Amgen's decades of leadership in inflammation and nephrology, combined with our global presence and world-class biologics capabilities, will enable us to reach many more patients with first-in-class medicines like TEPEZZA, KRYSTEXXA and UPLIZNA. Additionally, the potential new medicines in Horizon's pipeline strongly complement our own R&D portfolio. The acquisition of Horizon will drive growth in Amgen's revenue and non-GAAP EPS and is expected to be accretive from 2024."*

*   *   *

**Company Board Recommendation**

- Having taken into account the relevant factors and applicable risks, the Company Board, which has been so advised by Morgan Stanley, which as financial advisor to the Company Board has rendered a fairness opinion, considers the terms of the Acquisition as set out in this Announcement to be fair and reasonable. In providing its advice to the Company Board, Morgan Stanley has taken into account the commercial assessments of the Company Directors. The Company Board has unanimously determined that the Transaction Agreement and the Transactions, including the Scheme, are advisable for, fair to and in the best interests of, the Company Shareholders.

- Accordingly, the Company Board unanimously recommends that Company Shareholders vote in favour of the Scheme Meeting Resolution and the Required EGM Resolutions, or, if the Acquisition is implemented by a Takeover Offer, accept or procure acceptance of such Takeover Offer.

**Timeline and Conditions**

- It is agreed that the Acquisition will be implemented by way of an Irish High Court-sanctioned scheme of arrangement under Chapter 1 of Part 9 of the Irish Companies Act (although Acquirer Sub reserves the right to effect the Acquisition by way of a Takeover Offer, subject to the provisions of the Transaction Agreement and the Irish Takeover Rules and with the consent of the Irish Takeover Panel).

- - The Acquisition will be subject to the satisfaction or waiver (as applicable) of the Conditions, which are set out in full in Appendix 3 (*Conditions of the Acquisition and the Scheme*) to this Announcement, including, in summary:
    - o the requisite approval by Company Shareholders of the Scheme Meeting Resolution and the Required EGM Resolutions;
    - o the sanction of the Scheme by the Irish High Court; and
    - o the receipt of required antitrust clearances in the United States, Austria and Germany and the receipt of required foreign investment clearances in France, Germany, Denmark and Italy.
  - It is expected that the Scheme Document, containing further information about the Acquisition and notices of the Scheme Meeting and the EGM, the expected timetable for Completion and action to be taken by Company Shareholders, will be published as soon as practicable. It is anticipated that the Scheme will, subject to obtaining the necessary regulatory approvals, be declared effective in the first half of 2023. An expected timetable of key events relating to the Acquisition will be provided in the Scheme Document.

**B. The Materially Incomplete and Misleading Proxy**

24.     On January 23, 2023, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts***

25.     The Proxy discloses management-prepared financial projections for the Company that are materially misleading. The Proxy indicates that in connection with the rendering of Morgan Stanley's fairness opinion, Morgan Stanley reviewed "certain financial projections prepared by the management of Horizon." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Horizon's management provided to the Board

7

and Morgan Stanley.

26. Notably, Defendants failed to disclose: (a) the "unlevered free cash flows projected to be generated by Horizon's existing products and product candidates for fiscal years 2023 through 2037" applied by Morgan Stanley in its S*um-of-the-Parts Discounted Cash Flow Analysi*s; (b) the manner in which the unlevered free cash flows were calculated; and (c) the projection line item entries forming the basis of Horizon's existing products and product candidates.

27. The Proxy also fails to disclose Horizon's "probability of success risk adjusted estimates of the net revenue generated from TEPEZZA, KRYSTEXXA, UPLIZNA, Rare Disease BU and Development Candidates, and management's allocation of related operating expenses, in each case for fiscal year 2023 through fiscal year 2037" applied by Morgan Stanley in the *Sum-of-the-Parts Discounted Cash Flow Analysis*.

28. Proxy further fails to disclose all line item entries forming the basis of the Company's Unlevered Free Cash Flows in connection with its "Horizon Projections."

29. Moreover, the Proxy fails to disclose: (a) a summary of the prior sets of projections by Horizon management used by Morgan Stanley and the Board in connection with the sale process; and (b) an explanation of the revisions made to the previous projections, including to the Company's risk-adjusted long-range plan, which were analyzed by the Board at its regular board meeting in July 2022 and was used by Morgan Stanley at the October 16, 2022 Board meeting.

30. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses*

31. With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose: (a) the Company's terminal values for each existing medicine or medicine candidate; (b) the allocation

of cost of goods sold founded upon estimates by Company management; (c) the allocation of selling, general and administrative expenses, and research and development costs founded upon allocations by Company management; (d) cash flow items allocated as a percentage of net sales founded upon guidance from Company management; and (e) the Company's outstanding shares on a fully diluted basis.

32. With respect to the *Precedent Transactions - Premia Paid Analysis*, the Proxy fails to disclose the companies studied and the specific premiums for each company observed by Morgan Stanley.

33. With respect to *Analyst Price Targets*, the Proxy fails to disclose the individual specific price targets and their sources.

### *Materially Incomplete and Misleading Disclosures Concerning J.P. Morgan's Potential Conflicts of Interest*

34. The Proxy also fails to disclose material information concerning potential conflicts of interest by J.P. Morgan. Specifically, in connection with J.P. Morgan's engagement, the Proxy does not disclose: (a) the amount of compensation J.P. Morgan received or will receive in conjunction with services rendered to Horizon; (b) the amount of J.P. Morgan's compensation that is contingent upon the consummation of the Proposed Transaction; and (c) if J.P. Morgan rendered any services to any of the parties to the Merger Agreement or their affiliates in the past two years, including a description of such services and amount of its compensation received for such services.

35. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm,

warranting the injunctive relief sought herein.

36. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

37. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

38. Further, the Proxy indicates that on December 10, 2022, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Horizon stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Morgan Stanley's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

39. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41.     Defendants have filed the Proxy with the SEC with the intention of soliciting Horizon stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

42.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Horizon, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

43.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

44.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Horizon shares and the financial analyses performed by Morgan Stanley in support of its fairness opinion; and (iii) potential conflicts of interest by J.P. Morgan.

45.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Morgan Stanley reviewed and

discussed its financial analyses with the Board during various meetings including on December 10, 2022, and further states that the Board considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

46. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Horizon within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Horizon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

51. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Horizon stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 30, 2023

**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*